UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORAH HERNANDEZ | CIVIL ACTION NO: 19-13089 |
| VERSUS | |
| TRANSUNION, INC., et al. | SECTION: T (3) |

## ORDER

Before the Court is a Motion to Dismiss[1] filed by Defendant Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing ("PHEAA"). For the following reasons, the Motion to Dismiss is **GRANTED.**

This action arises out of Plaintiff's claim that PHEAA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. ("FCRA"). Plaintiff was originally part of a group of Plaintiffs in another civil action filed in February 2019. In that action, this Court granted PHEAA's motion to sever the claims and gave the severed plaintiffs the option to re-file their claims in this District by October 10, 2019. On October 10, 2019, Plaintiff filed an amended complaint in this Court.[2] In January 2020, PHEAA filed two separate motions to dismiss Plaintiff's claims,[3] and Plaintiff subsequently filed a motion to transfer this matter to the Northern District of Florida.[4] The Court this date has denied Plaintiff's motion to transfer, finding that the Northern District of Florida is not a proper venue.

---

[1] R. Doc. 3.
[2] R. Doc. 1.
[3] R. Docs. 3 and 14.
[4] R. Doc. 18.

1

PHEAA's first motion to dismiss contends Plaintiff cannot proceed with a claim against PHEAA in this Court because (1) PHEAA is not subject to personal jurisdiction, and (2) venue is improper.[5] PHEAA is a statutorily-created instrumentality of the Commonwealth of Pennsylvania and has no offices or employees in Louisiana. Additionally, Plaintiff is a resident of Florida and did not reside in Louisiana during the time period relevant to her claim. PHEAA contends that this Court has no interest in this action involving two out-of-state parties with no connection to Louisiana, and that Plaintiff's claim should, therefore, be dismissed for lack of personal jurisdiction and improper venue.

Federal Rule of Civil Procedure 12(b)(2) confers a right to dismissal of claims against a defendant where personal jurisdiction is lacking. Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication."[6] A federal court may exercise personal jurisdiction over a non-resident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution.[7] Louisiana's "long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process."[8] Hence, "the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements."[9]

Personal jurisdiction may be general or specific.[10] To exercise specific jurisdiction, a court must determine:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed

---

[5] R. Doc. 3.
[6] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation omitted).
[7] *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).
[8] *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 365 (5th Cir. 2010).
[9] *Embry v. Hibbard Inshore, LLC*, 2019 WL 2744483, at *2 (E.D. La. July 1, 2019) (citing *Dickson Mar. Inc. v. Panalpina, Inc.,* 179 F.3d 331, 336 (5th Cir. 1999)).
[10] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

2

itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[11]

In this case, Plaintiff's cause of action does not arise out of PHEAA's contact with Louisiana, and the Court, therefore, does not have specific personal jurisdiction over PHEAA. For a court to exercise general jurisdiction, the defendant's contacts with the forum must be "so continuous and systematic" as to render the defendant "at home" in the forum state.[12] PHEAA's contacts with Louisiana are rather limited, and are, therefore, not so continuous and systematic as to render PHEAA at home in Louisiana. Additionally, two other sections of this Court have granted identical motions filed by PHEAA, dismissing similar claims for lack of personal jurisdiction.[13] Accordingly, this Court finds that it lacks personal jurisdiction over PHEAA in this case.[14]

28 U.S.C. § 1391(b) provides that venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. In this case, Plaintiff asserts venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(2) on the basis that "defendants in this matter reside in the state of Louisiana."[15] However, PHEAA does not reside in Louisiana. Additionally, the events giving rise to this claim

---

[11] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).
[12] *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014) (*citing Goodyear Dunlop Tires Operations, S.A. v.* Brown, 564 U.S. 915, 919 (2011)).
[13] *See Brumfield v. TransUnion, Inc*., 2020 WL 1083598 (E.D. La. Mar. 6, 2020); *Shook v. TransUnion, Inc*., 2020 WL 1471675 (E.D. La. Mar. 26, 2020).
[14] *See also Zaldivar v. TransUnion, Inc.*, No. 20-12088, Order Granting Motion to Dismiss (R. Doc. 46) (E.D.La. Sept. 29, 2020).
[15] R. Doc. 1.

did not occur in Louisiana, and PHEAA is not subject to personal jurisdiction in this District. Therefore, the Court concludes that this is an improper venue for Plaintiff's claims against PHEAA.[16]

Accordingly, **IT IS ORDERED** that the Motion to Dismiss [17] filed by Defendant Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing is **GRANTED.** Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana**, on this 30th day of December, 2020.

                                            **GREG GERARD GUIDRY**
                                            **UNITED STATES DISTRICT JUDGE**

---

[16] *See also Zaldivar v. TransUnion, Inc.*, No. 20-12088, Order Granting Motion to Dismiss (R. Doc. 46) (E.D.La. Sept. 29, 2020).
[17] R. Doc. 3.